[Civ. No. 522.   First Appellate District.—March 25, 1909.]

## WM. KNAPP & CO., a Corporation, Respondent, v. SAN JOAQUIN CIGAR COMPANY, a Corporation, Appellant.

ACTION FOR BREACH OF CONTRACT—LITHOGRAPHED CIGAR BANDS AND LABELS—MANUFACTURED IN GERMANY—DESIGNS AGREED—SAMPLE PROOF NOT REQUIRED—SUPPORT OF FINDING.—In an action for damages for a breach of contract between plaintiff, a lithographing company, and defendant, a cigar company, to furnish a large number of cigar bands and labels for defendant cigar company of specific colors and designs, then shown by sample, with the picture of defendant, then president, in the center thereof, which were to be manufactured in Germany, and to be delivered in five equal installments.

to be paid for on delivery, and after delivery of the first installment, after change of presidents, such installment was not paid for, and the contract was repudiated, and defendant pleaded that a sample proof was to be furnished, and the testimony for the plaintiff was uncontradicted that the contract contained no provision for a sample proof, and that labels were always furnished in the way shown, the court was justified in finding that the contract did not provide for a sample proof.

Id.—Sufficiency of Complaint—Refusal to Accept First Installment—All Goods Manufactured.—When the complaint alleges that all of the bands and labels ordered were manufactured, and that defendant absolutely refused to accept or to pay for the first installment, such refusal may be deemed a repudiation of the entire contract, and authorized the plaintiff to sue, not merely for damages for breach as to the first installment, but for a breach of the entire contract.

Id.—Testimony as to Manufacture not Stricken Out—Reserved Ruling not Passed upon—Weight Considered.—Testimony admitted at the trial to show that the last two installments of the bands and labels had been manufactured, conceding it to be inadmissible, as presented, the court having reserved a ruling upon an objection thereto, and having failed to rule thereupon, remains in the record, and being of some weight is entitled to be considered.

Id.—Finding not Assailed—Manufactured According to Contract—Untenable Objections.—When the defendant has failed to specify the insufficiency of the evidence to justify a finding that the bands and labels were manufactured in conformity to the contract, his objection that the evidence does not so show cannot be considered.

APPEAL from a judgment of the Superior Court of Fresno County. H. Z. Austin, Judge.

The facts are stated in the opinion of the court.

Edgar S. Van Meter, for Appellant.

Henry Hawson, for Respondent.

KERRIGAN, J.—Plaintiff recovered judgment, from which defendant appeals, the appeal being taken within sixty days after the entry of judgment.

On December 13, 1906, the defendant was engaged in the manufacture of cigars in the city of Fresno, and the plaintiff was in the lithograph business in San Francisco. On that date the defendant, through H. E. Mootz, gave the plaintiff

an order for the manufacture of a large number of cigar bands and labels of certain designs and colors, with the picture of the head of Mootz in the center of said bands. The plaintiff exhibited to Mootz at that time a sample of the labels that it manufactured. They were to be manufactured in Germany, and, according to the contract, to be delivered to the defendant in five equal installments at specified times, each installment to be paid for when delivered. June 16, 1907, the first installment of labels and bands was forwarded to Fresno through the postoffice. Frederick Knobloch (who had meanwhile succeeded Mootz as president of the defendant company) refused to accept the goods, placing his refusal upon the ground that plaintiff had agreed to submit to defendant before manufacturing said goods a sample thereof for approval, and that no such sample or proof had been submitted. In addition to these facts the complaint alleges that the goods manufactured are of a special design, and of no value to any person other than the defendant, and that by reason of the refusal of defendant to accept delivery of said goods and to pay therefor, the plaintiff has been damaged in an amount equal to the contract price of the five installments less certain expenses of shipment and custom duties.

The defendant does not contend that the goods were not delivered at the proper time, or at the agreed price, or in the stipulated quantity, nor indeed that they were not according to sample. Its sole contention in this connection appears to be that the parties to this action agreed that a proof of the labels and bands was to be submitted to the defendant for inspection before the manufacture thereof. To support this contention Knobloch testified that Mootz, the former president of the company, in the presence of the attorney for the plaintiff, at a named conversation, said that he (Mootz) had not waived an opportunity to look at the bands. Mootz was not called as a witness, and Knobloch's testimony in this regard was contradicted. On the other hand, Fricke, a director of the corporation plaintiff, testified: "The written orders embraced the whole of the agreement that I had with Mootz at that time. They did not provide for, nor was there any understanding between Mootz and me in regard to, anything else being done by me before the goods were delivered. There was nothing said or done in regard to furnishing proof. I

showed Mootz at that time a sample of the labels we manufactured. There was nothing said between us as to proof. We sold many thousand of labels, and we always sell the labels just the way we show them.''

From this evidence the court, we think, correctly found that the contract did not provide, as alleged in the answer, that a sample of the work was to be exhibited for approval before the goods should be manufactured.

Defendant's next contention is that the complaint does not state facts sufficient to constitute a cause of action, in that it fails to allege any breach of the contract other than the refusal to accept the first installment of goods tendered; that the refusal to accept that installment did not in itself constitute such a breach of the contract as to give plaintiff the right to sue for damages for a breach of the entire contract. There are authorities which hold—and no doubt correctly—that, inasmuch as a failure to pay an installment promptly according to contract often results from forgetfulness, mere nonpayment may not of itself show an intention to abandon and renounce the contract. (Benjamin on Sales, 7th ed., pp. 604, 605.) In the case at bar, however, the complaint alleges that all the goods had been manufactured, and that the defendant not only refused to pay for the first installment of labels and bands as agreed, but also distinctly and absolutely refused to accept said goods. Under the authorities we have no doubt that this was such a refusal as authorized the plaintiff to sue for damages, not only for the breach as to the first installment, but as for a breach of the entire contract. To quote from Benjamin on Sales, seventh edition, page 605: ''There is abundant authority in America, as in England, that, if the buyer not only refuses to pay for one installment, *but puts his refusal on such ground as justifies the inference that he repudiates the entire contract*'' (the *italics* are Mr. Benjamin's), ''or insists upon new terms different from the original contract, the vendor may be released from any subsequent delivery.'' And on the same point it is stated in volume 24 American and English Encyclopedia of Law, at page 1083: ''There has been some conflict of authority where the delivery is by installments, but the rule now seems to be settled in the United States that where the contract of sale is entire, delivery to be made by installments, the failure of the seller to

deliver, or of the buyer to accept one installment, constitutes such a breach of contract as will give the other party the right to rescind the contract and sue for damages'' (citing many cases).   (See, also, Benjamin on Sales, 603.)

The complaint alleges that the plaintiff manufactured all of said goods, wares and merchandise agreed to be supplied to defendant in accordance with said agreement.   The testimony introduced at the trial to prove that the last two installments of the goods had been manufactured was, it may be conceded, inadmissible, but the ruling on the motion of the defendant to strike out such testimony was reserved by the court, to be made later.   The ruling was not made, and the testimony remains in the record.   If the motion had been insisted upon and granted, the plaintiff might have introduced other evidence in the place of that stricken out.   However that may be, the testimony was before the court, and we think it of some weight and entitled to consideration.

The defendant claims that the evidence does not show that the labels and bands were manufactured in conformity to the contract.   The defendant does not specify this as one of the particulars wherein the evidence is insufficient to justify the findings, and therefore we cannot consider this point.

We have carefully examined the other points discussed in the briefs, but they call for no special comment.

The judgment is affirmed.

Cooper, P. J., and Hall, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on April 22, 1909.